CLERK'S COPY

FILED
AT ALBUQUERQUE NM

MAY 18 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMON NUNEZ,

    Petitioner,

v.    No. CIV-99-0277 M/LFG

JUDGE RICHARD J. KNOWLES
SECOND JUDICIAL DISTRICT COURT,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Petitioner's petition for writ of mandamus. Petitioner is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Petitioner's petition will be dismissed.

A mandamus proceeding is a civil action for purposes of review under § 1915(e)(2), *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996), unless the petition is brought "to compel district courts to hear and decide actions brought solely under §§ 28 U.S.C. 2241, 2254 and 2255." *In re Phillips*, 133 F.3d 770, 771 (10th Cir. 1998). The Court has the discretion to dismiss an in forma pauperis petition sua sponte under 28 U.S.C. § 1915(e)(2) if the Court is "satisfied that the action is frivolous or malicious." The Court may dismiss a petition sua sponte for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is 'patently obvious' that the [petitioner] could not prevail on the facts alleged, and allowing him an opportunity to amend his [petition] would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir.1991)). In reviewing Petitioner's pro se petition, the Court applies the same legal standards

applicable to pleadings drafted by counsel, but is at the same time mindful that the petition must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The petition alleges that Respondent denied Petitioner's motion for production of certain transcripts in a state court criminal proceeding. Petitioner asserts he needs these transcripts in order to pursue post-conviction relief. He seeks an order requiring Respondent to "release" the transcripts.

As an application for writ of mandamus, the petition does not invoke the Court's subject matter jurisdiction. The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. Respondent is not a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought.

Even if the petition is construed as a complaint seeking an injunction, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's pro se characterization of his claims is not dispositive), no relief is available. An injunction may issue under a federal writ statute, *see, e.g., Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994), if the pleading and proof standards for mandamus are met. Petitioner's request for injunctive relief against the state court is barred, however, first, by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although Petitioner does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld."

2

*Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo*, 433 U.S. at 630. Petitioner's petition invokes none of the statutory exceptions and is therefore barred.

Second, to the extent Petitioner seeks an order overruling the state court's denial of his motion for transcripts, adjudication of his petition would require impermissible review of a state court proceeding. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984) (citing 28 U.S.C. § 1257); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [state right], then the District Court is in essence being called upon to review the state court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983), *quoted in Razatos*, 746 F.2d at 1432. Insofar as Petitioner's claim attacks the processes and judgment of a state district court, his remedy may only be pursued in the state appellate courts and the United States Supreme Court. *Anderson*, 793 F.2d at 263. The petition will be dismissed.

IT IS THEREFORE ORDERED that Petitioner's petition for writ of mandamus is DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

3